## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELIZABETH BANKS,

     Plaintiff,

                                       Case No:

v.

ASPEN TECHNOLOGIES, INC.

     Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Elizabeth Banks (hereinafter "Banks"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    Plaintiff, Elizabeth Banks, is a resident of the City of Howell, County of Livingston and State of Michigan.

2.    Defendant, Aspen Technologies, Inc. (hereinafter "Aspen") is a Michigan corporation duly authorized to do business in the southeastern district of

Michigan and whose resident agent is Keith Quinn, and whose registered office address is 7963 Lochin Drive, Brighton, Michigan 48116.

3.      Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5.      Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment consisting of sexual harassment and retaliation in violation of Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6.      Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.      Plaintiff began her employment with Defendant, Aspen Technologies, Inc. in 2006 and was most recently employed as Logistics Manager.

8.      During Plaintiff's employment with Aspen she was continuously and repeatedly sexually harassed and sexually assaulted by Ken Beethem, the owner of the company.

9.      The harassment started in 2014 when he started staring directly at her

breasts bit his lips and told her "those are nice."

10.    Shortly after Beethem commented on her breasts, Plaintiff was forced into a sexual relationship to save her job, which lasted until the fall of that year when she refused to have sex with him any longer.

11.    During that time Plaintiff was forced to have sex on the premises on at least five separate occasions.

12.    In the fall of 2014, Plaintiff refused to have sex with Beethem and told him "no more closed doors."

13.    Shortly after Plaintiff refused to have sex with Beethem, Plaintiff's bonuses went down.

14.    Despite Plaintiff being adamant that she would no longer engage in a sexual relationship with him, Beethem continued to request sex and sexual favors throughout her employment.

15.    The sexual harassment by Beethem was on a continuous regular basis.

16.    After Plaintiff ended the relationship Beeethem continued to make sexual advances, comments and gestures despite being told over and over by Plaintiff that his advances were unwelcome and to "stop."

17.    On numerous occasions Beethem sexually assaulted Plaintiff by grabbing her breasts. He also pressured Plaintiff to show him her breasts and send him pictures of her breasts.

18.    On several occasions Beethem tried to reach down Plaintiff's shirt.

19.    On another occasion Beethem shoved three, $100 bills inside of Plaintiff's bra.

20.    Despite her constant pleas for him to stop and complaints to Keith Quinn, Beethem never stopped harassing Plaintiff.

21.    Defendant Aspen acted directly and deliberately in making Plaintiff's working conditions so intolerable that she was forced into an involuntary resignation.

22.    No action was taken to address Beethem's sexual harassment and sexual assaults of Plaintiff, which led to her constructive discharge.

23.    At all times relevant, Plaintiff was acting as an employee of Defendant, Aspen.

24.    Defendant, through their agents, representatives and employees, were predisposed to sexually harass and discriminate against Plaintiff on the basis of her gender and acted in accordance with that predisposition.

25.    Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

26.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") for sexual harassment and constructive discharge/wrongful termination.

4

27.   On February12, 2021 the EEOC issued a Right to Sue letter against Aspen.

28.   Plaintiff has exhausted all administrative remedies.

## COUNT I
## SEX HASRASSMENT AND DISCRIMINATION

29.   Plaintiff incorporates by reference paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30.   Pursuant to Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon sex.

31.   Defendant created a hostile work environment for Plaintiff on the basis of sex and as a result of Plaintiff's sex and her complaints of sexual harassment.

32.   Defendant was Plaintiff's cmployer within Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

33.   Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was constructively terminated.

34.   Plaintiff is entitled to exemplary, compensatory and punitive damages

pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

35.     Defendant and its agents, employees and representatives breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

a.  Violating the laws against discrimination by engaging in sexual harassment in the workplace;

b.  Retaliating against employees who make complaints of discrimination and harassment;

c.  Constructively discharging employees as part of the sexual harassment and/or retaliation, and

d.  Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

36.     Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

37.     Defendant breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

a.  Failing to prevent or stop sexual harassment against Plaintiff causing a hostile work environment;

b.  Taking adverse employment action against Plaintiff due to her gender including terminating her;

c.  Retaliating against Plaintiff for her complaints of sexual harassment;

d.  Constructively discharging Plaintiff due to Plaintiff's sex and in retaliation for Plaintiff's complaints of sex harassment.

38.     As a direct and proximate result of the actions of the Defendant Plaintiff was the subject of discriminatory conduct on the part of the Defendant as well as Defendant's agents and employees.

39.     Because of the unlawful conduct of Defendant, and their agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## RETALIATION

40.     Plaintiff incorporates by reference paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41.     Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.*, Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon sex and her gender.

42.     Plaintiff's sex was a factor in Defendant's employment decisions.

43.     Defendant was Plaintiff's employers within the meaning of Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

44.     During the course of her employment with Defendant, Plaintiff was subjected to unwelcome sexual harassment, including a sexual assaulted which created a hostile work environment by Defendant.

45.     The sexual harassment created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

46.     Plaintiff complained to upper management of Defendant, that she was being discriminated against due to her sex and that she was being subjected to a hostile work environment due to the sex harassment and discrimination.

47.     Defendant had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

48.     Despite having notice of the sexual harassment and gender discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon her sex and in retaliation for her complaints of sexual harassment.

49.     The sexual harassment and conduct by Defendant and Defendant's failure to take any remedial action violate Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

8

50.     As a result of Plaintiff's complaints of sexual harassment, Defendant, including its employees, agents and representatives retaliated against Plaintiff by falsely claiming Plaintiff had provided sexual favors including oral sex in the parking lot of Defendant's premises.

51.     Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

52.     As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated: February 22, 2021

## DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Lorri Ann Baker, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By:  /s/Scott P. Batey
     SCOTT P. BATEY (P54711)
     Attorney for Plaintiff
     30200 Telegraph Road, Suite 400
     Bingham Farms, Michigan 48025
     (248) 540-6800
     sbatey@bateylaw.com

Dated:  February 22, 2021